**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 26-10603
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

HARLAN DECOSTE,
a.k.a. Money King,
a.k.a. Moneyking_111,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:15-cr-60172-WPD-1

_____

Before BRANCH, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Harlan Decoste, a federal prisoner proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. On appeal, Decoste argues that the court erred by (1) failing to make a threshold finding about whether he gave extraordinary and compelling reasons for his release before it considered the 18 U.S.C. § 3553(a) factors, (2) failing to adequately explain why it rejected his sentence-calculation arguments, and (3) finding that his release would pose a danger to the community. In response, the government moves for summary affirmance. After careful review, we grant the motion and summarily affirm.

Summary disposition is appropriate either where time is of the essence, like in "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review the district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Abuse of discretion review means the district court had a range of choice and we "cannot reverse just because we might have come to a different conclusion."

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

*Id.* at 912 (citation modified). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *Id.* at 911.

The First Step Act amended § 3582(c)(1)(A) to allow district courts to reduce a defendant's term of imprisonment upon the defendant's motion. *See* First Step Act, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). Under § 3582(c)(1)(A), a district court may reduce a term of imprisonment "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (citation modified). The district court may consider these factors in any order, and the absence of any of the three forecloses a sentence reduction. *Id.* at 1237–38. As a result, when the district court finds that one of these three prongs is not met, it need not examine the other prongs. *United States v. Giron*, 15 F.4th 1343, 1348 (11th Cir. 2021). However, the "court must explain its sentence decisions adequately enough to allow for meaningful appellate review." *Id.* at 1345 (citation modified).

Factors under § 3553(a) that the district court may consider include the nature and circumstances of the offense, the history and

characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, protecting the public from the defendant's crimes, adequate deterrence, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C), (a)(6). The district court need not address each of the § 3553(a) factors or all the mitigating evidence. *Tinker*, 14 F.4th at 1241. An acknowledgment that the court considered all applicable § 3553(a) factors along with "enough analysis that meaningful appellate review of the factors' application can take place" is sufficient. *Id.* at 1240–41 (citation modified). The weight given to any § 3553(a) factor is committed to the discretion of the district court. *Id.* at 1241. "A sentence may be affirmed so long as the record indicates that the district court considered a number of the factors such as the nature and circumstances of the offense, the defendant's history of recidivism, and the types of sentences available." *Id.* (citation modified).

Section 1B1.13 is the policy statement in the Guidelines that applies to motions for a sentence reduction under § 3582(c)(1)(A). U.S.S.G. § 1B1.13. In the 2025 Sentencing Guidelines, § 1B1.13(b) provides that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof" and lists, as relevant, circumstances where the defendant is "suffering from a serious physical or medical condition," "suffering from a serious functional or cognitive impairment," or is "experiencing deteriorating physical or mental health because of the aging process," where the defendant's condition "substantially diminishes the ability of the defendant to provide self-care within the environment of

a correctional facility and from which he or she is not expected to recover." *Id.* at § 1B1.13(b)(1)(B); *see also id.*, App. C, Amend. 814.

Section 1B1.13(b)(5) serves as a catchall provision for "Other Reasons," providing that a prisoner may be eligible for a sentence reduction if he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5); *see also id.*, App. C, Amend. 814. Paragraphs (1) through (4) of § 1B1.13(b) provide that extraordinary and compelling reasons exist for a sentence reduction, in addition to serious illnesses or conditions that substantially diminish the defendant's ability to provide self-care in prison, when (1) the defendant has a terminal illness or is suffering from a medical condition that requires long-term or specialized care that is not being provided and without which the defendant risks serious deterioration; (2) the defendant is at least 65 years old, has experienced a serious deterioration in health due to aging, and has served at least 10 years of the sentence; (3) the defendant's family circumstances leave the defendant as the only available caregiver; and (4) the defendant suffered abuse while in prison. U.S.S.G. § 1B1.13(b)(1)–(4).

Additionally, § 1B1.13(b)(6) provides that an "unusually long sentence" may serve as an extraordinary and compelling reason to support a sentencing reduction, providing:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Section 1B1.13(c) further provides the following limitations on consideration of changes in the law in the context of compassionate release:

> Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

*Id.* § 1B1.13(c).

26-10603                    Opinion of the Court                    7

Nevertheless, in *Rutherford v. United States*, the U.S. Supreme Court recently held that the Sentencing Commission's 2023 "unusually long sentence" policy statement is invalid to the extent that it authorizes nonretroactive sentencing amendments as an "extraordinary and compelling" reason for compassionate release because the Commission's interpretation exceeded the statutory bounds of the First Step Act of 2018.  146 S. Ct. 1320, 1330 (2026). To this end, it held that "[t]he disparity that results from Congress's decision to leave a sentence untouched cannot serve as" an "extraordinary and compelling reason" to warrant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  *Id.* at 1335.

Here, the government is clearly right as a matter of law that the district court did not err by not making a "threshold determination" of whether Decoste demonstrated extraordinary and compelling grounds for relief before assessing the § 3553(a) factors. We've made clear that a district court may consider the three factors -- whether the § 3553(a) factors favor a reduction, whether extraordinary and compelling reasons exist for doing so, and whether doing so would endanger any person or the community -- in any order.  *See, e.g.*, *Giron*, 15 F.4th at 1348; *Tinker*, 14 F.4th at 1237–38. We have also made clear that the absence of any of the three forecloses a sentence reduction.  *See, e.g.*, *Giron*, 15 F.4th at 1348; *Tinker*, 14 F.4th at 1237–38.

Further, the government is clearly right as a matter of law that Decoste has failed to demonstrate that the district court abused its discretion in weighing the § 3553(a) factors.  Under our

case law, the district court need not address each § 3553(a) factor nor all of the mitigating evidence and has significant discretion in the weight it gives to each § 3553(a) factor. *See Tinker*, 14 F.4th at 1240–41. Here, the district court expressly found that, upon considering Decoste's alleged rehabilitation, the other arguments in his motion, his "character letters," his release plans, the 18 U.S.C. § 3553(a) factors, and the applicable guideline policy statements, relief was not warranted. In particular, the district court observed that Decoste "downplay[ed] the significance of his crime, criminal history, and jail discipline," especially since Decoste "was the leader of a 'fraud factory'," had prior adult convictions -- including for armed robbery -- and his claim that he was discipline-free for the past three years did not address his conduct during the first seven years of his incarceration. The court added that a sentence reduction "would not promote respect for the law or act as a deterrent."

This record, which includes the district court's clear statements concerning the § 3553(a) factors -- specifically, promoting respect for the law, adequate deterrence, Decoste's history and characteristics, and the seriousness of his crime -- is more than sufficient to demonstrate that the court did not abuse its discretion in weighing these factors. *See id.* Accordingly, one of the three elements required for granting a sentence reduction under § 3582(c)(1)(A) was not met, so the government is clearly right as a matter of law that the district court's denial of Decoste's motion for compassionate release was proper. *Groendyke Transp., Inc.*, 406 F.2d at 1162. We need not reach the separate issues of Decoste's danger to the community or his extraordinary and compelling reasons for relief.

26-10603              Opinion of the Court                    9

Thus, we GRANT the government's motion for summary affirmance.

**AFFIRMED.**